IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                                   :

ANDREA L. MOCK
                                   :

     v.                            :      Civil Action No. DKC 09-1370

                                   :

LOCKHEED MARTIN CORPORATION
                                   :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion to dismiss and motion for a more definite statement (Paper 10) filed by Defendant Lockheed Martin Corporation. Plaintiff was notified by the clerk of the pendency of the motion and the necessity for filing a response. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). No response was filed. The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion for a more definite statement will be denied and Defendant's motion to dismiss will be granted without prejudice. Plaintiff will be granted 21 days within which to file an amended complaint.

I.   **Background**

This case arises from a dispute that Plaintiff Andrea Mock has with her former employer, Lockheed Martin Corporation. Plaintiff, a resident of Clarksville, Maryland, asserts that she

filed an administrative charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on March 26, 2008.  (Paper 1, at 3).  Plaintiff filed a *pro se* complaint on May 22, 2009, and attached a notice of right to sue from the EEOC, dated April 9, 2009.  (Paper 1, attach. 2, at 2).

Using the form complaint for employment discrimination cases, Plaintiff alleges that Defendant Lockheed Martin Corporation, operating in Bethesda, Maryland, discriminated against her on the basis of her race, color, sex, and disability.  (Paper 1, at 2).  Plaintiff states that she was asked to accept pay cuts on two occasions and was not provided with a justification.  Plaintiff also contends that she was excluded from team awards though her performance was above average.  By reference to an attachment to the complaint, Plaintiff asserts that between March 2005 and October 2007, she was "subjected to numerous incidents that involved denigrating and derogatory comments and implication [sic] about [her] appearance that were based on [her] ethnicity, gender and health issues related to [her] disabilities."  (Paper 1, attach. 2, at 1).  The only facts that Plaintiff alleges regarding incidents of offensive discriminatory conduct that occurred while she was working at Lockheed Martin are as follows:

> 1. I was told that blacks learn by assimilation and whites learn by accommodation, implying that blacks are inferior. I was told that I should not write because it would be all wrong.
>
> 2. I was told that the company recruited from a specific gene pool that did not resemble me. And
>
> 3. Leaders in my company made comments implying that I was masculine and ugly. My Manager stated to me that I 'must have been an ugly baby.'
>
> 4. Additionally, I was not provided proper representation or a timely response for the in-house grievance filed and was forced to resign due to the unbearable conditions.

(*Id.*). Plaintiff also asserts that Defendant has been surveilling her and her family, but does not provide facts regarding that contention. Plaintiff requests both monetary and injunctive relief. Plaintiff asks for monetary damages in the amount of $48 million and $50 million for her "mental anguish over the past twenty months, since [her] departure from Lockheed Martin Corporation." (Paper 1, at 4). Plaintiff also asks that the court order Defendant to stop using her name in any capacity, stop surveilling her and her family or to "pow[er] down facilities that enable such access to [her] and [her] family." (*Id.*). Plaintiff finally requests that the court "pick-up the criminal charges against employees of the defendant

and pursue prosecution for the following acts: Stalking (virtual and physical), Sexual Assault and Battery and Burglary, Breaking and Entering into [her] homes in Maryland."[1]  (*Id.*).

Defendant argues that Plaintiff's complaint fails to state a claim under Title VII or the Americans with Disabilities Act for sex or disability discrimination.  (Paper 10, at 2). Defendant further asserts that Plaintiff has failed to state a claim for constructive discharge from her position.[2]  (*Id.*). Defendant states that the facts alleged by Plaintiff only potentially support a claim of "hostile work environment" race discrimination, and asks the court to order Plaintiff to provide a more definite statement for that claim.  Defendant finally argues that Plaintiff fails to identify a cause of action upon which she may state a claim for her allegations regarding

---

[1] Criminal statutes do not create a private right of action absent statutory expression.  *Doe v. Broderick*, 225 F.3d 440, 448 (4th Cir. 2000).  Plaintiff does not argue that any of the crimes she lists create a private right of action under federal or Maryland law.  Plaintiff also does not plead facts to support her claims regarding surveillance or criminal activity. Therefore, these claims will be dismissed.

[2] Defendant also argues that Plaintiff's potential constructive discharge claim should be dismissed.  Given that Plaintiff has not stated any viable claim for discrimination, she has not alleged the facts needed to state a constructive discharge claim.  Therefore, the Plaintiff's constructive discharge claim will be dismissed.

Defendant's alleged surveillance of Plaintiff and for the other criminal acts she alleges.

## II.  Motion to Dismiss

### A.  Standard of Review

The purpose of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S.

266, 268 (1994), *rehearing denied*, 510 U.S. 1215 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), *cert. denied*, 510 U.S. 1197 (1994)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B.   Analysis

Plaintiff's complaint states that her action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.* Plaintiff alleges that Defendant discriminated against her on the basis of her race, color, sex, and disability.[3]

### 1.   Title VII

### a.   Sex Discrimination

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e-2(a)(1). In all sex discrimination cases, the fundamental question is whether a plaintiff was the victim of

---

[3] Plaintiff is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

discrimination because of the plaintiff's sex. *See Hartsell v. Duplex Prod., Inc.*, 123 F.3d 766, 772 (4th Cir. 1997).

Though Plaintiff has not stated a specific legal theory under which she brings a Title VII sex discrimination claim, Plaintiff appears to allege a hostile work environment claim because she states that she was subjected to "unbearable conditions." (Paper 1, attach. 2, at 1).

To state a claim under Title VII for sex discrimination based on a hostile work environment, a plaintiff must allege that "the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Production, Inc.*, 335 F.3d 325, 331 (4th Cir. 2003), *cert. denied*, 540 U.S. 1177 (2004).

Plaintiff has not presented facts to allege a claim of sex discrimination based on a hostile work environment. First, Plaintiff has not alleged that any offending conduct was unwelcome. For example, Plaintiff has not asserted that she complained about any sex-based discrimination while working for Defendant. Next, Plaintiff has not presented facts to show that any offending conduct was based on her sex. Plaintiff's only

allegation that seems remotely tied to her sex is that "leaders
at Lockheed made comments implying that [she] was masculine and
ugly." (Paper 1, attach 2, at 1). A plaintiff must show that
she is "the individual target of open hostility because of her
sex." *Ocheltree*, 335 F.3d 325 at 331 (citing *Smith*, 202 F.3d at
242-43). Furthermore, Plaintiff does not allege that any
offensive conduct based on her sex was sufficiently severe or
pervasive to create an abusive work environment. For example,
though Plaintiff alleges that she resigned because of
"unbearable conditions," Plaintiff does not allege when or how
often the offensive conduct occurred. Finally, Plaintiff has
not alleged that any offensive conduct was imputable to her
employer. The Supreme Court of the United States has
established that "[a]n employer is subject to vicarious
liability to a victimized employee for an actionable hostile
environment created by a supervisor with immediate (or
successively higher) authority over the employee." *Faragher v.
Boca Raton*, 524 U.S. 775, 807 (1998). Though Plaintiff states
that "leaders" and her manager made comments to her, she does
not allege who these people were or what authority they had over
her. Because Plaintiff has failed to allege facts necessary to

support a hostile work environment claim, Plaintiff's Title VII sex discrimination claim will be dismissed under Rule 12(b)(6).

### b. Race Discrimination

Title VII also prohibits an employer from discriminating against an employee based on race. 42 U.S.C. § 2000e-2(a)(1). Again, Plaintiff mentions that she was forced to resign from her job because of "unbearable conditions." Thus, the claim will be analyzed as one for race discrimination based on a hostile work environment.

To state a claim for race discrimination under a hostile work environment theory, a plaintiff must allege: (1) she experienced unwelcome harassment; (2) the harassment was based on race; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003), *cert. denied*, 540 U.S. 940 (2003).

Plaintiff has not alleged sufficient facts to state a hostile work environment claim. Plaintiff only states one fact related to her race, stating that she "was told that blacks learn by assimilation and whites learn by accommodation, implying that blacks are inferior." Plaintiff has not alleged

10

that the harassment was unwelcome or that the harassment was based on her race.   Furthermore, because Plaintiff has only alleged one statement of harassment that relates to race, Plaintiff has not alleged that the harassment was severe or pervasive.   Finally, Plaintiff has not alleged who harassed her on the basis of her race, which she must do in order to impose liability on her employer.

Because Plaintiff has failed to allege facts necessary to state a hostile work environment claim, Plaintiff's Title VII race discrimination claim will be dismissed under Rule 12(b)(6).

**2.   Americans with Disabilities Act**

Plaintiff alleges that Defendant discriminated against her on the basis of her disabilities.   Plaintiff's complaint states that her disability claim arises under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq*.   The Rehabilitation Act provides:

> No otherwise qualified individual with a
> disability in the United States . . . shall,
> solely by reason of her or his disability,
> be excluded from the participation in, be
> denied the benefits of, or be subjected to
> discrimination under any program or activity
> receiving Federal financial assistance . . .
> .

29 U.S.C. § 794(a). "By its express language, . . . the Act applies to all programs and activities which receive [f]ederal financial assistance." *McCullough v. Branch Banking & Trust Co., Inc.*, 844 F.Supp 258, 259 (E.D.N.C. 1993), *cert. denied*, 513 U.S. 1151 (1995) (internal marks omitted). Plaintiff has not alleged that her employer received federal financial assistance. Therefore, Plaintiff's disability claim arises instead under the Americans with Disabilities Act ("ADA"), which prohibits private employers from discriminating against qualified individuals on the basis of disability. 42 U.S.C. §§ 12101 *et seq*.

Though Plaintiff has not specified a legal theory for discrimination under the ADA, Plaintiff appears to bring a hostile work environment claim. Defendant notes that Plaintiff has not made any allegations related to a discriminatory discharge, failure to accommodate, or disparate impact under the ADA. (Paper 10, at 5, n.3). Plaintiff only mentions that she

was forced to resign from her job because of "unbearable conditions." (Paper 1, attach. 2, at 1.).

The requirements for a hostile work environment claim under the ADA mirror those of Title VII. Plaintiff must allege that (1) she is a qualified individual with a disability; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability to the employer. *Fox v. General Motors Corp.*, 247 F.3d 169 (4th Cir. 2001).

Plaintiff fails to state a hostile work environment claim under the ADA because she has not pled facts related to any of the elements for disability discrimination. Plaintiff has not stated how she is disabled, whether her disability is covered under the ADA, who harassed her, or how or when she was harassed based on her disability. Therefore, Plaintiff has failed to state a claim for discrimination under the ADA.

13

**III. Motion for a More Definite Statement**

    **A.    Standard of Review**

Under Fed.R.Civ.P. 8(a), a complaint must contain a short and plain statement of the grounds for relief. Rule 8(e) directs that each averment is to be simple, concise and direct. Rule 12(e), in turn, provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.

Fed.R.Civ.P. 12(e). A Rule 12(e) motion is sometimes coupled, as here, with a motion under Rule 12(b)(6) for failure to state a claim, when the complaint is so confusing that it is not possible to determine whether there is or is not a viable claim contained therein. 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1376 (3[d] ed. 2004). The court should not grant a Rule 12(e) motion when it is appropriate to grant a Rule 12(b)(6) motion instead. As stated in Wright & Miller:

> The class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. As the cases make clear, the pleading must be sufficiently intelligible

> for the district court to be able to make
> out one or more potentially viable legal
> theories on which the claimant might
> proceed; in other words the pleading must be
> sufficient to survive a Rule 12(b)(6) motion
> to dismiss.

*Id.* The decision of whether to grant a motion for more definite statement is committed to the discretion of the district court. *Id.* at § 1377; *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998).

### B.   Analysis

The court will deny Defendant's motion for a more definite statement at this time because Plaintiff's pleading has not survived Defendant's Rule 12(b)(6) motion to dismiss.

## IV.   Conclusion

For the foregoing reasons, Defendant's motion for a more definite statement will be denied and Defendant's motion to dismiss will be granted without prejudice, with leave for Plaintiff to amend her complaint.

```
                                  /s/
                        _____
                        DEBORAH K. CHASANOW
                        United States District Judge
```